**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**
Kevin R. Lussier (SBN 143821)
klussier@cmlawfirm.com
800 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90017
213-689-8500 (phone)
213-689-8501 (fax)

Attorneys for Plaintiffs RICHEMONT INTERNATIONAL SA and VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| RICHEMONT INTERNATIONAL SA; and VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>A&S JEWELRY, INC. D/B/A ARSA JEWELRY AND JEWELRY BY ARSA,<br><br>Defendant. | Case No. 2:26-cv-7889<br><br>**COMPLAINT FOR:**<br><br>(1) Counterfeiting and Trade Dress Infringement, 15 U.S.C. § 1114(1);<br><br>(2) Unfair Competition, 15 U.S.C. § 1125(a); and<br><br>(3) Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*<br><br>(4) Design Patent Infringement, Section U.S. Patent Act, 35 U.S.C. § 271<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Richemont International SA and Van Cleef & Arpels, a division of Richemont North America, Inc. (collectively "Richemont" or "Plaintiffs") for their Complaint against Defendant A&S Jewelry, Inc. d/b/a Arsa Jewelry and d/b/a Jewelry by ARSA ("Defendant"), allege as follows:

## NATURE OF THE ACTION

1. All of the claims asserted herein arise out of and are based on Defendant's unlawful manufacture, promotion, distribution, advertising, sale and/or offering for sale of jewelry products that are unlawful imitations of Plaintiffs' federally registered trademarks and trade dress.

2. Plaintiffs bring claims for counterfeiting and trade dress infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under California state law, Cal. Bus. & Prof. Code §§ 17200 et seq., as well as for design patent infringement under Section 271 of the U.S. Patent Act, 35 U.S.C. § 271.

3. Plaintiffs seek relief including, *inter alia*, an order for a permanent injunction, treble damages and profits, actual damages, prejudgment interest, and attorneys' fees and costs, pursuant to 15 U.S.C. § 1117, *et seq.* Unless immediately enjoined, Defendant's conduct will continue to injure both Plaintiffs and the public.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b).

5. This Court has personal jurisdiction over Defendant because (i) Defendant's principal place of business is in the state of California, (ii) Defendant has committed tortious acts within this state by selling its infringing goods in California, and (iii) the events giving rise to this Complaint occurred in this state and/or had effects in this state.

6. Venue is proper in this district pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and (c), because Defendant is subject to personal jurisdiction in this district due to residing in this state, transacting business herein, and because a substantial portion of the events at issue have arisen and will

arise in this judicial district and Plaintiffs are suffering harm in this judicial district.

**THE PARTIES**

7. Plaintiff Richemont International SA is a société anonyme organized and existing under the laws of Switzerland, having a principal place of business at Route des Biches 10, Villars-sur-Glâne, Switzerland 1752.

8. Plaintiff Van Cleef & Arpels, a division of Richemont North America, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 645 Fifth Avenue, New York, New York 10022. Van Cleef & Arpels, a division of Richemont North America, Inc. is the exclusive distributor of Van Cleef & Arpels products in the United States.

9. Upon information and belief, Defendant A&S Jewelry, Inc. d/b/a Arsa Jewelry and d/b/a Jewelry by ARSA is a corporation organized and existing under the laws of the State of California, having a principal place of business at 643 South Olive Street, Suite 500, Los Angeles, California 90014.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**I. VAN CLEEF & ARPELS**

A. The VAN CLEEF & ARPELS Brand and Business

10. Plaintiffs are world-famous suppliers of fine jewelry sold under the VAN CLEEF & ARPELS brand name. Since its inception in France in 1906, Richemont and/or its predecessors-in-interest have been known for manufacturing, producing, distributing, selling and offering for sale innovative, high-quality fine jewelry under the VAN CLEEF & ARPELS brand. Plaintiffs' products appeal to, among others, the luxury goods market and trade and are considered extraordinarily fashionable.

11. Plaintiffs' Van Cleef & Arpels products are sold only in company-owned stores, in authorized specialty retail stores, and in authorized department stores. Richemont currently operates thirty boutiques under the VAN CLEEF & ARPELS name in the United States, including its famous Beverly Hills boutique

located on Rodeo Drive.

B. Plaintiffs' Alhambra Collection and Related Intellectual Property Rights

12. One of Plaintiffs' most well-known and sought-after jewelry designs is known as the "Alhambra." Plaintiffs' Alhambra collection was developed in France in the late 1960s and features a quatrefoil motif.

13. To this day, Plaintiffs offer a collection of jewelry based on their first Alhambra design, which is now referred to as the "Vintage Alhambra" collection to distinguish it from later variations on the original design. Examples from the Vintage Alhambra collection are pictured below:








14. Another design from the Vintage Alhambra collection is the "Alhambra Guilloché Design" shown below:



15. Over time, Plaintiffs have introduced several variations of the original Alhambra design. The signature pieces in Plaintiffs' Alhambra jewelry collections incorporate a distinctive quatrefoil design composed of a unique combination of elements that collectively create a particular trade dress that is characteristic of Plaintiffs' Alhambra collections (the "Alhambra Trade Dress"). A close-up of an example of the Alhambra Trade Dress is depicted below:



16. The Alhambra Trade Dress consists of a three-dimensional configuration of a quatrefoil-shaped jewelry ornament in which:

(a) the top portion of the quatrefoil piece has an outer edge that is beaded with an inner portion that is flat as well as four larger beads positioned at central points within it;

(b) the bottom portion of the quatrefoil piece also has an outer edge that is beaded; and

(c) the center portion of the quatrefoil piece is solid and not empty.

17. For decades and continuing through today, Plaintiffs have made widespread and exclusive use of the iconic Alhambra Trade Dress. Plaintiffs have invested a considerable amount of time, effort, and money advertising and promoting their jewelry and watch products bearing the Alhambra Trade Dress and have enjoyed enormous success selling such products in the United States and around the world. Products bearing the Alhambra Trade Dress have received extensive unsolicited media coverage due to their innovative and distinctive design and their popularity with many high-profile celebrities.

18. By virtue of extensive sales, advertising, and promotion, the Alhambra Trade Dress has become instantly recognizable to the public as exclusively denoting

Plaintiffs and signaling the high quality of their products. As such, the Alhambra Trade Dress has obtained secondary meaning and is an enormously valuable asset of Plaintiffs.

19. In addition to Plaintiffs' extensive and strong common law rights in the Alhambra Trade Dress, Plaintiffs own the following trademark registrations:

| <u>*Mark*</u> | <u>*Reg. No.*</u> | <u>*Reg. Date*</u> | <u>*Registered Goods*</u> |
|---|---|---|---|
|  | 4,326,883 | April 30, 2013 | Jewelry |
|  | 4,763,030 | June 30, 2015 | Jewelry; rings; pendants; earrings; necklaces; bracelets |
|  | 4,653,258 | December 9, 2014 | Jewelry |

20. Printouts detailing the registration information for the above marks are attached hereto as <u>Exhibit A</u>. These registrations are all valid, subsisting, and in full force and effect. Moreover, each of these registrations has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and serves as conclusive evidence of the validity of the registered mark, of the registration of the mark, and of Plaintiffs' exclusive right to use the mark in commerce on or in connection with the products for which the mark is registered, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

21. In addition, the Alhambra Guilloché Design is protected by Design Patent No. D909,906 S, which claims the ornamental design for a decorative element for jewelry, and by Design Patent No. D906,866 S, which claims the

ornamental design for a decorative element for jewelry (together, the "Alhambra Guilloché Patents"). Printouts detailing the registration information for these design patents are attached hereto as Exhibit B.

**II. DEFENDANT'S UNLAWFUL ACTIVITIES**

22. On information and belief, Defendant is in the business of offering for sale and selling jewelry, among other things. Defendant operates a jewelry store in Los Angeles, California.

23. On information and belief, Defendant has manufactured, advertised, offered for sale, sold, distributed and/or imported jewelry pieces bearing imitations of the Alhambra Trade Dress and/or with a design that is substantially similar to the designs depicted in the Alhambra Guilloché Patents, which were not manufactured, authorized, or approved by Plaintiffs.

24. In or around February 2025, Plaintiffs observed Defendant displaying, offering for sale, and selling jewelry bearing imitations of the Alhambra Trade Dress and/or with a design that is substantially similar to the designs depicted in the Alhambra Guilloché Patents at the GJX Tucson trade show in Tucson, Arizona (the "GJX Show").

25. Below are images of the jewelry bearing imitations of the Alhambra Trade Dress and/or with a design that is substantially similar to the designs depicted in the Alhambra Guilloché Patents that Plaintiffs observed Defendant selling at the GJX Show in February of 2025:







26. In January of 2026, counsel for Plaintiffs sent Defendant a letter objecting to Defendant's display, offering for sale, and sale of the infringing jewelry at the GJX Show and demanding that Defendant cease and desist from any further manufacture, promotion, distribution, offering for sale, or sale of such jewelry. A true and correct copy of this letter is attached hereto as Exhibit C.

27. In response, Defendant, through its principal, sent an email to counsel for Plaintiffs in which Defendant denied that it had ever manufactured, or intended to manufacture, any Van Cleef & Arpels pieces; claimed that the infringing jewelry displayed and sold from Defendant's showcase at the GJX Show belonged to a representative of a Chinese company to whom Defendant had lent the space; and expressly assured Plaintiffs that Defendant "will not sell any Van Cliff [sic] pieces at all." A true and correct copy of Defendant's email is attached hereto as Exhibit D.

28. Notwithstanding Defendant's express written assurance that it would not sell any such pieces, in or around February 2026, Plaintiffs' agent visited Defendant's store at 643 South Olive Street, Suite 500, Los Angeles, California 90014 and observed necklaces, earrings, and bracelets bearing imitations of the Alhambra Trade Dress and/or with a design that is substantially similar to the designs depicted in the Alhambra Guilloché Patents being offered for sale by Defendant.

29. Various items offered for sale bearing imitations of the Alhambra Trade Dress and/or with a design that is substantially similar to the designs depicted in the Alhambra Guilloché Patents were priced at $1,200 each.

30. Below are images of the jewelry bearing imitations of the Alhambra Trade Dress and/or with a design that is substantially similar to the designs depicted in the Alhambra Guilloché Patents that Plaintiffs' agent observed at Defendant's store in February of 2026:



31. Defendant's salesperson told Plaintiffs' agent that Defendant sells wholesale quantities of jewelry.

32. On information and belief, Defendant knows, and at all relevant times knew or should have known, that the products it is/was selling and/or distributing are or were unlawful imitations of Plaintiffs' jewelry products, and Defendant advertised them as such. Indeed, Defendant continued to offer for sale and sell such unlawful imitations at its Los Angeles store even after receiving the January 2026 letter from Plaintiffs' counsel and after expressly assuring Plaintiffs in writing that it would not sell any such pieces at all.

33. On information and belief, Defendant has sold and offered for sale jewelry pieces that bear imitations of Plaintiffs' marks and trade dress and that have designs that are substantially similar to Plaintiffs' design patents to customers other

than Plaintiffs' agent.

34. Defendant is not related to or affiliated with Plaintiffs in any way. Defendant has not sought or at any time received a license or authorization from Plaintiffs for any purpose whatsoever, including for the acts described herein.

35. Defendant's counterfeit and infringing jewelry products directly compete with Plaintiffs' products.

36. Defendant's sale of counterfeit and infringing jewelry products unlawfully wrests from Plaintiffs control over their reputation and, upon information and belief, is unjustly enriching Defendant.

37. On information and belief, Defendant's activity described herein is intentionally fraudulent, malicious, willful, and wanton. Defendant's false written assurance that it would not sell any Van Cleef & Arpels pieces, followed by its continued sale of the infringing jewelry, further demonstrates that Defendant's conduct is knowing, deliberate, and willful.

38. Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiffs and their business and goodwill unless restrained by this Court.

**FIRST CLAIM FOR RELIEF:**

**TRADEMARK COUNTERFEITING AND INFRINGEMENT OF REGISTERED TRADEMARK AND TRADE DRESS IN VIOLATION OF 15 U.S.C. § 1114(1)**

39. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

40. The Alhambra Trade Dress is used in commerce, is non-functional, and has acquired secondary meaning as the indicator of Plaintiffs as the exclusive source of products containing or incorporating such design.

41. Defendant has adopted the Alhambra Trade Dress and has, without Plaintiffs' authorization or consent, manufactured, exported, imported, displayed,

advertised, reproduced, distributed, offered for sale, and/or sold jewelry designs that contain or incorporate the Alhambra Trade Dress that is the subject of U.S. Registration Nos. 4,326,883, 4,763,030, and 4,653,258, or marks or designs that are confusingly similar thereto.

42. Upon information and belief, by virtue of Plaintiffs' extensive and ongoing use and advertising of the above marks and trade dress, Defendant was on actual notice of Plaintiffs' exclusive rights in such marks and trade dress. In addition, Plaintiffs' federal registrations put Defendant on constructive notice of Plaintiffs' exclusive rights in such marks and trade dress.

43. Defendant's manufacturing, exporting, importing, displaying, advertising, reproducing, distributing, offering for sale, and/or sale of infringing Van Cleef & Arpels products bearing the Alhambra Trade Dress is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendant's goods. As a result of Defendant's unauthorized use of Plaintiffs' federally registered trademarks and trade dress, and/or trademarks and trade dress that are identical or highly similar to Plaintiffs' federally registered trademarks and trade dress, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Plaintiffs. Such use falsely represents Defendant as being legitimately connected with and/or authorized by Plaintiffs, and places beyond Plaintiffs' control their own reputation and ability to control the use of their marks and trade dress and the quality of the products bearing those marks and trade dress.

44. Defendant's infringement of the Alhambra Trade Dress is willful, intended to reap the benefit of the goodwill of Plaintiffs, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**SECOND CLAIM FOR RELIEF:**

**UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)**

46. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

47. The Alhambra Trade Dress is used in commerce, is non-functional, and has acquired secondary meaning as the indicator of Plaintiffs as the exclusive source of products containing or incorporating such design.

48. Defendant has adopted the Alhambra Trade Dress and has, without Plaintiffs' authorization or consent, manufactured, exported, imported, displayed, advertised, reproduced, distributed, offered for sale, and/or sold jewelry designs that contain or incorporate the Alhambra Trade Dress, or marks or designs that are confusingly similar thereto.

49. Defendant's conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and Plaintiffs, and/or as to Plaintiffs' sponsorship or approval of Defendant's goods, services, and/or commercial activities.

50. As a result of the foregoing, Defendant has falsely designated the origin of its products, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

52. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**THIRD CLAIM FOR RELIEF:**

**CALIFORNIA UNFAIR COMPETITION UNDER**

**Cal. Bus. & Prof. Code §§ 17200 *et seq.***

53. Plaintiffs repeat and incorporate herein by reference each of the

foregoing allegations.

54. The aforesaid conduct of Defendant – trade dress infringement, false designation of origin, and unfair competition – constitutes deceptive business practices that are unlawful and unfair under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL").

55. California Business and Professions Code section 17203 entitles Plaintiffs to injunctive relief and to restitution of money or property acquired by Defendant by means of its unfair competition.

56. Defendant engaged in, and continues to engage in, unlawful business practices in violation of the UCL through violations of statutory and common law related to trade dress infringement, false designation of origin, and unfair competition.

57. Defendant has infringed and continues to infringe the Alhambra Trade Dress by using an identical and/or confusingly similar trade dress to sell its jewelry products.

58. Defendant has violated, and continues to violate, UCL §§ 17200 *et seq*. in connection with its marketing, advertising, promotion, and offering for sale of its products.

59. Defendant's conduct is causing immediate and irreparable injury to Plaintiffs and is causing monetary damage to Plaintiffs and will continue to both do damage to Plaintiffs and deceive the public until enjoined by this Court. Plaintiffs have no adequate remedy at law.

60. Upon information and belief, Defendant has received revenues and profits arising out of its acts of unfair competition to which it is not entitled, and Plaintiffs have also suffered an injury in fact, and lost money or property as a result of Defendant's acts of unfair competition, for which Defendant is responsible.

**FOURTH CLAIM FOR RELIEF:**

**DESIGN PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271**

61. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

62. Richemont owns U.S. Patent No. D909,906 S, which issued on February 9, 2021, and U.S. Patent No. D906,866 S, which issued on January 5, 2021.

63. U.S. Patent Nos. D909,906 S and D906,866 S are valid and subsisting.

64. Defendant manufactured, exported, imported, displayed, advertised, reproduced, distributed, offered for sale, and/or sold jewelry products that appropriate the novel ornamental features set forth in U.S. Patent Nos. D909,906 S and D906,866 S such that an ordinary observer familiar with the prior art designs, giving such attention as a purchaser usually gives, would find Plaintiffs' and Defendant's designs to be substantially the same and would be deceived into believing that Defendant's jewelry designs are the same as Plaintiffs' patented designs.

65. By the foregoing acts, Defendant has directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of, and continues to so infringe, U.S. Patent Nos. D909,906 S and D906,866 S.

66. On information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith, and with knowledge of Richemont's rights, and such conduct violates Section 271 of the Patent Act, 35 U.S.C. § 271.

67. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Richemont to sustain irreparable damage, loss and injury, for which Richemont has no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. Permanently enjoining and restraining Defendant, its agents, servants,

employees, successors, and assigns and all those in active concert or participation with it, from:

(a) Imitating, copying, or making unauthorized use of the Alhambra Trade Dress and the Alhambra Guilloché Patents, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, or exporting any products bearing the Alhambra Trade Dress and the Alhambra Guilloché Patents, or any other confusingly similar mark or design in, on or through any medium, venue, outlet, store, factory, building, website, social media, blog, or other facility or establishment;

(b) Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with Plaintiffs or that any product manufactured, distributed, displayed, advertised, promoted, offered for sale, sold, imported, or exported by Defendant is in any manner associated or connected with Plaintiffs, is a genuine product of Plaintiffs', or is authorized, licensed, sponsored, or otherwise approved by Plaintiffs;

(c) Engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of the Alhambra Trade Dress and the Alhambra Guilloché Patents;

(d) Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(c) above, inclusive.

2. Directing that Defendant turn over to Plaintiffs for impoundment and eventual destruction, without compensation to Defendant, all materials in its custody, possession or control that violate the provisions of paragraphs 1(a)-(c) above, along with all articles by means of which such unauthorized copies may be reproduced.

3. Directing that Defendant, at its own expense, recall from any distributors, retailers, vendors, or others to whom it has distributed materials that

violate the provisions of paragraphs 1(a)-(c) above, and that Defendant deliver up to Plaintiffs for destruction all materials returned to it.

4. Directing that Defendant, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

5. Directing Defendant to provide Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, the names of manufacturers, wholesalers, distributors, and suppliers of the infringing products.

6. Awarding Plaintiffs all damages sustained as a result of Defendant's conduct described above pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 284, and that such sums be trebled pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 284.

7. Awarding Plaintiffs the total profits realized by Defendant from its conduct described above pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 289.

8. Awarding, if Plaintiffs so elect, statutory damages as the Court considers just, up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as provided by 15 U.S.C. §§ 1117(c).

9. Awarding Plaintiffs all damages, including without limitation Defendant's profits, and restitution that are recoverable under Cal. Bus. & Prof. Code § 17200 *et seq*.

10. Granting Plaintiffs their full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 285.

11. Granting Plaintiffs both pre-judgment and post-judgment interest on each and every monetary award.

12. Granting Plaintiffs such other and further relief as the Court may consider equitable, just, and proper.

DATED: July 17, 2026

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**

By: /s/ *Kevin R. Lussier*
Kevin R. Lussier, Esq.
klussier@cmlawfirm.com
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP
800 Wilshire Boulevard, 15th Floor
Los Angeles, California 90017
Telephone: (213) 689-8500

Attorneys for Plaintiffs
RICHEMONT INTERNATIONAL SA and VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, INC.

## DEMAND FOR JURY TRIAL

Plaintiffs RICHEMONT INTERNATIONAL SA and VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, INC. hereby demand trial by jury in this action.

DATED: July 17, 2026

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**

By: /s/ *Kevin R. Lussier*

Kevin R. Lussier, Esq.
klussier@cmlawfirm.com
CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP
800 Wilshire Boulevard, 15th Floor
Los Angeles, California 90017
Telephone: (213) 689-8500

Attorneys for Plaintiffs
RICHEMONT INTERNATIONAL, SA and
VAN CLEEF & ARPELS, a division of
RICHEMONT NORTH AMERICA, INC.