Narek Zohrabyan (CA BAR NO. 290385)
Email: nzoh@philip.law
Karen 'Kirk' Galoyan (CA BAR NO. 331594)
Email: kgaloyan@philip.law

**Phil IP Law Inc.**
500 North Brand Blvd., Suite 1690
Glendale, California 91203
Telephone: (619) 929-0606

Attorney for Defendant A&S JEWELRY, INC. D/B/A ARSA JEWELRY AND JEWELRY BY ARSA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RICHEMONT INTERNATIONAL SA; and VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, Inc.,

Plaintiffs,

vs.

A&S JEWELRY, INC. D/B/A ARSA JEWELRY AND JEWELRY BY ARSA,

Defendant.

Case No. 2:26-cv-07889-SPG-MBK

District Judge:
Hon. Sherilyn Peace Garnett

Magistrate Judge:
Hon. Michael B. Kaufman

**DEFENDANT A&S JEWELRY, INC. D/B/A ARSA JEWELRY AND JEWELRY BY ARSA ANSWER TO THE COMPLAINT**

**JURY TRIAL DEMANDED**

Complaint Served: July 30, 2026
Current Response Date: November 16, 2026

Defendant A&S JEWELRY, INC. D/B/A ARSA JEWELRY AND JEWELRY BY ARSA ("Defendant"), through its undersigned counsel, hereby answers the Complaint filed by RICHEMONT INTERNATIONAL SA; and VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, Inc. (collectively "Plaintiffs"), as follows:

## ANSWER

## NATURE OF THE ACTION

1. Responding to paragraph 1, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

2. Responding to paragraph 2, Defendant admits that Plaintiff purports to bring claims for counterfeiting and trade dress infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under California state law, Cal. Bus. & Prof. Code §§ 17200 et seq., as well as for design patent infringement under Section 271 of the U.S. Patent Act, 35 U.S.C. § 271. Except as expressly admitted herein, Defendant denies the allegations of paragraph 2 of the Complaint.

3. Responding to paragraph 3, Defendant admits that Plaintiff purports to seek relief including, inter alia, an order for a permanent injunction, treble damages and profits, actual damages, prejudgment interest, and attorneys' fees and costs, pursuant to 15 U.S.C. § 1117, et seq. Except as expressly admitted herein, Defendant denies the rest of the allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Responding to paragraph 4 of the Complaint, Defendant admits that this Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. Responding to paragraph 5 of the Complaint, Defendant admits that its principal place of business is in California and does not contest this Court's personal jurisdiction over it. Defendant denies the remaining allegations of paragraph 5 to the extent inconsistent with these admissions.

6. Responding to paragraph 6 of the Complaint, Defendant admits that it conducts business in this District and does not contest venue in this action. Defendant denies the remaining allegations of paragraph 6 to the extent inconsistent with these admissions.

## THE PARTIES

7. Responding to paragraph 7 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to Richemont International SA's organization under Swiss law and its alleged principal place of business and, on that basis, denies those allegations.

8. Responding to paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the alleged incorporation, principal place of business, and exclusive United States distributorship of Van Cleef & Arpels, a division of Richemont North America, Inc., and, on that basis, denies those allegations.

9. Responding to paragraph 9 of the Complaint, Defendant admits that A&S Jewelry, Inc. is a California corporation doing business as Arsa Jewelry and Jewelry by ARSA. Defendant denies that 643 South Olive Street, Suite 500, Los Angeles, California 90014 is its principal place of business.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. Responding to paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

11. Responding to paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

12. Responding to paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

13. Responding to paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

14. Responding to paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

15. Responding to paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

16. Responding to paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

17. Responding to paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

18. Responding to paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

19. Responding to paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

20. Responding to paragraph 20 of the Complaint, Defendant admits that Plaintiff has attached an Exhibit A. Aside from that admission, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in that paragraph and therefore denies them.

21. Responding to paragraph 21 of the Complaint, Defendant admits that paragraph 21 refers to registration records as Exhibit B. However, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the rest of the paragraph and therefore denies them.

**DEFENDANT'S ALLEGED ACTIVITIES**

22. Responding to paragraph 22 of the Complaint, Defendant admits that it is a jeweler. However, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the rest of the paragraph and therefore denies them.

23. Responding to paragraph 23 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

24. Responding to paragraph 24 of the Complaint, Defendant admits its participation in the GJX Tucson trade show in Tucson, Arizona (the “GJX Show”) in February 2025 but lacks knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in that paragraph and therefore denies them.

25. Responding to paragraph 25 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

26. Responding to paragraph 26 of the Complaint, Defendant admits it has received the letter shown in Exhibit C and if the summary of the contents of Exhibit C is recalled properly in that paragraph, admits to the summary. However, any implications of infringement, wrongdoing, or liability are denied because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

27. Responding to paragraph 27 of the Complaint, Defendant admits it had sent the letter shown in Exhibit D and if the summary of the contents of Exhibit D is recalled properly in that paragraph, admits to the summary. However, any implications of infringement, wrongdoing, or liability are denied because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

28. Responding to paragraph 28 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

29. Responding to paragraph 29 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

30. Responding to paragraph 30 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

31. Responding to paragraph 31 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

32. Responding to paragraph 32 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

33. Responding to paragraph 33 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

34. Responding to paragraph 34 of the Complaint, Defendant admits it is not related to or affiliated with the Plaintiffs. However, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the rest of the allegations and therefore denies them.

35. Responding to paragraph 35 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

36. Responding to paragraph 36 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

37. Responding to paragraph 37 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

38. Responding to paragraph 38 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## **FIRST CLAIM FOR RELIEF: TRADEMARK COUNTERFEITING AND TRADE DRESS INFRINGEMENT**

39. Responding to paragraph 39 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 38 as if fully set forth herein.

40. Responding to paragraph 40 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

41. Responding to paragraph 41 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

42. Responding to paragraph 42 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

43. Responding to paragraph 43 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

44. Responding to paragraph 44 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

45. Responding to paragraph 45 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## SECOND CLAIM FOR RELIEF: FEDERAL UNFAIR COMPETITION 15 U.S.C. § 1125(A)

46. Responding to paragraph 46 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 45 as if fully set forth herein.

47. Responding to paragraph 47 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

48. Responding to paragraph 48 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

49. Responding to paragraph 49 of the Complaint, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them

50. Responding to paragraph 50 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

51. Responding to paragraph 51 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

52. Responding to paragraph 52 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**THIRD CLAIM FOR RELIEF: CALIFORNIA UNFAIR COMPETITION**

53. Responding to paragraph 53 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 52 as if fully set forth herein.

54. Responding to paragraph 54 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

55. Responding to paragraph 55 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

56. Responding to paragraph 56 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

57. Responding to paragraph 57 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

58. Responding to paragraph 58 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

59. Responding to paragraph 59 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

60. Responding to paragraph 60 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## FOURTH CLAIM FOR RELIEF: DESIGN PATENT INFRINGEMENT

61. Responding to paragraph 61 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 60 as if fully set forth herein.

62. Responding to paragraph 62 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

63. Responding to paragraph 63 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

64. Responding to paragraph 64 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

65. Responding to paragraph 65 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

66. Responding to paragraph 66 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations

and therefore denies them.

67. Responding to paragraph 67 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## AFFIRMATIVE DEFENSES

68. Without admitting that the following defenses must be pled as affirmative defenses, or that Defendant bears the burden of proof or persuasion as to any of them, Defendant asserts the following:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

69. The Complaint and each purported claim for relief alleged therein fail to state facts sufficient to constitute any claim for relief.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

70. The Complaint and each purported claim for relief alleged therein are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

71. Under 15 U.S.C. section 1115(b)(9) and applicable equitable principles, Defendant asserts laches as to relief if Plaintiffs unreasonably delayed asserting rights after knowledge of the challenged activity and Defendant suffered material prejudice from that delay. Plaintiffs allege observation of the Tucson trade-show display in approximately February 2025 and filed this action in July 2026.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

72. To the extent Plaintiff suffered or is entitled to any damages at all, Plaintiff failed to mitigate its damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

73. To the extent Defendant establishes inequitable conduct by Plaintiffs bearing an immediate and necessary relation to the rights or equitable relief asserted in this lawsuit, Defendant invokes the doctrine of unclean hands as a bar or limitation to the equitable relief to which that doctrine may lawfully apply.

**SIXTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel, Acquiescence, Waiver, or Consent)**

74. Under 15 U.S.C. section 1115(b)(9) and applicable equitable principles, Plaintiffs' claims or requested equitable relief may be barred or limited to the extent any words, conduct, permission, or course of dealing attributable to Plaintiffs induced reasonable and detrimental reliance or otherwise establishes a legally sufficient waiver, acquiescence, consent, or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Injunctive or Other Equitable Relief)**

75. Plaintiff is not entitled to injunctive or other equitable relief, including because Plaintiff has an adequate remedy at law, has not established irreparable injury, and the request for such relief is moot.

**EIGHT AFFIRMATIVE DEFENSE**

**(Invalidity for Anticipation)**

76. On information and belief, one or more Asserted Claims of United States Design Patent Nos. D909,906 S and D906,866 S are invalid under 35 U.S.C. § 102 and 282(b)(2) for anticipation because qualifying prior art discloses every limitation of the challenged claims, expressly or inherently. Plaintiff cannot recover for infringement of an invalid claim.

**NINTH AFFIRMATIVE DEFENSE**

**(Invalidity for Obviousness)**

77. On information and belief, one or more Asserted Claims of United States Design Patent Nos. D909,906 S and D906,866 S are invalid under 35 U.S.C. § 103 and 282(b)(2) because the claimed subject matter as a whole would have been obvious to a person of ordinary skill in the art in view of qualifying prior art at the legally applicable time. Plaintiff cannot recover for infringement of an invalid claim.

**TENTH AFFIRMATIVE DEFENSE**

**(Invalidity Under Section 112)**

78. On information and belief, one or more Asserted Claims of United States Design Patent Nos. D909,906 S and D906,866 S are invalid under 35 U.S.C. § 112, 171 for lack of adequate written description, lack of enablement of the full claimed scope without undue experimentation, and indefiniteness. The challenged claims fail the applicable requirements of § 112(a) and (b), or the corresponding paragraphs of the applicable former version of § 112. Plaintiff cannot recover for infringement of an invalid claim. Defendant asserts this defense under 35 U.S.C. § 282(b)(3)(A).

## ELEVENTH AFFIRMATIVE DEFENSE

## (Patent Marking and Actual Notice, 35 U.S.C. section 287)

79. To the extent Plaintiffs or their authorized licensees made, offered for sale, or sold patented articles without complying with 35 U.S.C. § 287(a), the statute limits recovery of design-patent damages before legally sufficient actual notice of infringement. The marking and notice requirements, if applicable, are evaluated separately for U.S. Design Patent Nos. D909,906 S and D906,866 S.

## TWELFTH AFFIRMATIVE DEFENSE

## (Functionality of Registered Trade Dress - 15 U.S.C. § 1115(b)(8))

80. Plaintiffs define the claimed Alhambra Trade Dress as a three-dimensional configuration of a quatrefoil-shaped jewelry ornament with beaded outer edges and a solid center (Complaint paragraphs 15-16). Defendant asserts, in the alternative, that the claimed configuration, considered as a whole, is functional within the meaning of 15 U.S.C. § 1115(b)(8) to the extent that its protection would foreclose significant non-source-identifying uses of the ornamental configuration and place competitors at a significant non-reputation-related disadvantage.

## ADDITIONAL DEFENSES

81. Defendant may seek leave to amend this Answer to assert additional defenses if warranted by discovery and permitted under Fed. R. Civ. P. 15 and any applicable scheduling order.

## PRAYER

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor as follows:

a) That Plaintiffs take nothing against Defendant by their Complaint;

b) That the Complaint and each claim for relief against Defendant be dismissed with prejudice, on the merits;

c) That Defendant recover taxable costs and, if the applicable statutory standards are met, reasonable attorneys' fees under 15 U.S.C. section 1117(a), 35 U.S.C. section 285, or other applicable law;

d) That the Court deny any award of duplicative, unsupported, or unavailable relief; and

e) That Defendant be granted such other and further relief as the Court determines just and proper.

//

//

//

//

//

Dated: November 16, 2026 **PHIL IP LAW INC.**

By: <u>/s/ Narek Zohrabyan</u>
NAREK ZOHRABYAN
KAREN ‘KIRK’ GALOYAN
Attorneys for Defendant

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury on all issues triable by jury.

Dated: November 16, 2026 **PHIL IP LAW INC.**

By: /s/ Narek Zohrabyan
NAREK ZOHRABYAN
KAREN 'KIRK' GALOYAN
Attorneys for Defendant